FILED

Jasper Crook and Rachel Crook

19004 Sheffield Street

Hesperia, CA 92345

(760)998-3000

*no email*

*no fax*

In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JASPER CROOK, RACHEL CROOK  )    ED CV18-02679 AB (SHKx)
              Plaintiffs,   )
                            )
         v.                 )    **(Jury Trial Demanded)**
                            )
WYNDHAM DESTINATIONS, INC.  )
Michael D. Brown CEO        )
              Defendants.   )
Nina Middleton ECS          )
_____)

The Central District Court has jurisdiction over this matter under all United States Constitution mandates, and including but not limited too the Constitution, United States code, trust law, constitutional law, mandamus, and all corporate law conducted upon United States soil. Plaintiffs are in reservation of their right to a jury trial; jury trial demanded.

**Background**: Trendwest Resorts, Inc. sells timeshare ownership interests in condominiums located in Washington, Oregon, California, Arizona, Utah, Hawaii, British Columbia, Mexico, and Fiji. Trendwest acquires vacation properties and transfers ownership of the units to WorldMark, The Club, a nonprofit benefit corporation created by Trendwest to protect the rights of its member owners

FEE PAID

1

(**emphasis added**). The company uses a point-based system in which credits purchased by customers are used to reserve vacation accommodations. Trendwest markets its vacation product through a network of more than 20 sales offices, which are located primarily in metropolitan markets. The company serves roughly 90,000 timeshare owners, managing properties at 31 resorts that contain more than 1,600 condominium units as of 2003.

To implement the program, Trendwest created WorldMark, The Club. Laws regulating timeshare businesses required protections against any loss of property rights stemming from the debt or financial condition of the developer (**emphasis added**). Therefore, Trendwest, as the developer, established WorldMark to be a legally and financially separate entity, free from any debt and guaranteed to always have sufficient resources to operate the properties through its own source of income from the annual dues paid by WorldMark members. WorldMark, a nonprofit benefit corporation, operated similarly to a large homeowner's association, providing protection for those who purchased Trendwest's vacation product. It was created for the specific purpose of owning, operating, and maintaining the real property purchased and developed by Trendwest. Once Trendwest had developed a vacation property, it transferred the property to WorldMark free and clear of any monetary encumbrances in exchange for the exclusive right to sell the vacation credits created by the units transferred.

Trendwest could count itself among the industry's elite. Sales of nearly $151.5 million, while net income recorded a more animated leap, jumping more than 60 percent increasing to $20.6 million as of 2003. In terms of vacation ownership sales, Trendwest ranked as the fifth largest company in its industry, occupying the same tier as Disney, Marriott, Hilton, and Signature

Resorts. Trendwest membership excelled to 270,000 owners by 2006. To date WorldMark's infusion with Wyndham is one of four consumer brands coming under the Wyndham Vacation Ownership umbrella - joining Club Wyndham, Wyndham Vacation Resorts Asia Pacific and Shell Vacations Club. Together, they form the single largest timeshare entity in the world with over 900,000 members and dominate the industry in a way few other companies can match.

**Current**: Trendwest Resorts, Inc. solicited Jasper Crook and Rachel Lopez, unmarried couple, to invest/purchase an ownership stake in Trendwest Resorts, Inc. and WorldMark the Club, a point-based system of 6,000 credits at the purchase price of $9,300. After many high pressure sales promotions at Trendwest Resorts, Inc. in Irvine, California at 18301 Von Karman Avenue, Suite 100, with agent, Armando Medrano, on March 8, 2003, Jasper and Rachel entered into a premier lifetime ownership with a perpetual stake thru a trust account with Trendwest Resorts, Inc. maintained by Bank of America trust account number 14221 00489 located at 333 South Beaudry, Los Angeles, CA 90017-1466. Funds were entrusted to Trendwest Resorts, Inc. toward the purchase of ownership into that account. The plaintiffs funds were transferred into the general operating accounts of Trendwest Resorts, Inc. and WorldMark under ownership number 16020032.

On July 19, 2003, Jasper and Rachel were married and will now be referred to as Mr. and Mrs. Crook, beneficiaries, administrators, executors, and/or plaintiffs going forward. In April of 2007, Trendwest Resorts, Inc. was renamed WorldMark by Wyndham. Mr. and Mrs. Crook are beneficiaries of the ownership trust and hold administrative authorities. In 2010, years into the re-branding of Worldmark by Wyndham they are still practicing high pressure sales tactics as well as fraudulent sales pitches. Wyndham's sales

representatives, in their business wide practices attempted to coerce the plaintiffs into entering a new contract for more vacation credits, promising that it would improve and benefit the plaintiffs ownership status. Mr. and Mrs. Crook refused to pay thousands of dollars extra for more points and a new contract as there was no level of ownership above the premium lifetime ownership. Plaintiffs premium lifetime ownership stake has been paid in full as of March 29, 2010.

As beneficiaries and administrators of the trust the plaintiffs are owed a standard of quality of ownership. A breach of contract occurred when the trustees, Wyndham Destinations, Inc., wholly abandoned their fiduciary duty to beneficiaries, Mr. and Mrs. Crook, when they ignored the demands of the administrator to make necessary repairs and upgrades to the penthouse and presidential suites located at the Indio, Ca, resort in which the plaintiffs regularly vacation with their seven children. After several verbal and onsite written demands for improvement the trustees willfully refused to comply. Complaints about the quality of standards within the penthouse and presidential suites went unresolved resulting in multiple thousands of dollars in out-of-pocket expenses for lack of quality and usability. The following issues persisted: private spa located within the unit was not working, buttons to spa damaged and presented an electrical shock hazard, barbecue grill ignition dangerously defective, patio deck worn presenting trip hazards, ice makers to refrigeration not working, plumbing issue in ADA bathrooms resulting in water exiting shower area, jacuzzi tub malfunctions, black mold presence in bathrooms presenting respiratory issues with our children, among many other issues. Wyndham, as trustees, decided to maliciously disrupt our vacation experience and invade our privacy by entering the units on multiple occasions at times with a multitude of individuals intruding and bombarding our privacy.

Wyndham attempting to forcefully subside our complaints due to being what is now considered low level ownership stakes in retaining a 6,000 point package after multiple refusals to upgrade to their suggested 25,000 point minimum package. Defendants then tried forcefully to get the beneficiaries to relinquish their ownership stake in their vacation ownership points. Wyndham for their own personal use issued themselves approximately 400,000,000 vacation credits to be sold on the open market as a Discovery package not holding ownership status, just a user experience. Wyndham with a minimal stake of 25,000 credits at a cost of $24,000.00 US dollars. Wyndham intentionally pricing and phasing out 6,000 point owners was a business decision to wholly serve Wyndham as they engaged in attempting to cancel lifetime ownership packages from what is considered low level ownership stakes. The plaintiffs repeated refusal to purchase and enter into a new contract resulting in Wyndham fraudulently taking of plaintiffs property, ownership stake, for their benefit. Wyndham has engaged in a national policy to dismantle ownership by any means necessary including malicious conduct by employees of all levels especially executive officers such as Nina Middleton, instructed and led by Michael D. Brown, predecessor to, Franz Hanning. The actions of Wyndham have accumulatively resulted in interference with the plaintiffs right to possess the property. Wyndham intentionally is preventing the plaintiffs from having access to the property via physical and electronic access via owner portal. The plaintiffs, who are beneficiaries of the trust, and defendants Wyndham, as fiduciaries, willfully refused to return property, access to property, or compensate for the use of and/or purchase of property which has resulted in an egregious taking. The plaintiffs due process has been violated by trustees out right refusal to provide due process prior to attempting to cancel our perpetual ownership stake providing no written notice and refusal to provide

agreed arbitration as stated in section 7, page 25, of plaintiffs contracts resulting in further breaches of contract.

After no response from corporate, a certified letter was mailed to fiduciary, Franz Hanning, former CEO of Wyndham Vacation Ownership, listing the beneficiaries grievances in February of 2016.

Nina Middleton, Executive Case Specialist, from the Executive Response Team Owner Care was assigned to the plaintiffs correspondences under Franz Hanning and their offers of resolution were inadequate. Mr. and Mrs. Crook were maliciously restricted to property access virtually and physically. A second certified letter was mailed to Michael D. Brown, current CEO of Wyndham Destination, Inc., communicating that the beneficiaries ongoing grievances still have not been rectified as of the date on March 5, 2018. Plaintiffs asserted their right to arbitration as per their original contract which is outlined in the Arbitration Clause on page 25, section 7.5. Ultimately the beneficiaries were told by Nina Middleton on April 3, 2018 that the plaintiffs ownership rights with Worldmark had been canceled. **Alleged cancelation...** plaintiffs were never served any notice that these cancellations were formulated. Beneficiaries never received any notice of cancellation or termination within their rights of the due process clause of the United States Constitution. Wyndham Destinations, Inc. has no administrative authority to terminate the beneficiaries premium lifetime ownership. Under California law this is considered a liability tort conversion claim. There is a violation of due process under the United States Constitution.

Defendants want to forcefully remove low point owners to promote their current contracts at a higher rate increasing their ownership percentages in Wyndham's favor therefore engaging in a collective taking of property and right to use

without compensation. In an effort for their gain profiteering they are diluting the vacation ownership point scale raising the points ownership and lowering the ability for resort usage. Since the purchase of the plaintiffs timeshare with Trendwest Resorts, Inc., the trustee, has sold multiple units. Defendants have sold hundreds of millions of points that create a reduction and dissolution in maintenance costs for the owner's due to the growth of established owners and Discovery non-owners.

All attempts at resolutions have been exhausted by the refusal of the trustee to honor the demand of the beneficiary and administrator and that is a wholly and complete breach of contract which is the action leading to this District Court proceeding. Wyndham Destinations, Inc., the trustee, has an absolute fiduciary duty to its beneficiaries Mr. and Mrs. Crook and with their blatant disregard for their legal position has subjected themselves to the following actions and damages. The actions of Nina Middleton, Franz Hanning (former CEO), Michael D. Brown (current CEO), and Wyndham Destinations, Inc. have resulted in trust law violations, constitutional violations, and including multiple breaches of contract and a conversion tort, resulting in physical and mental distress to the entire Crook family. Plaintiffs are asking for a prayer of relief for compensatory damages, punitive damages, exemplary damages, consequential damages, expectancy damages, perspective damages, and special damages totaling $30,000,000.00 US dollars ($30 million US dollars) to be paid from the general operating account of Trendwest Resorts, Inc., WorldMark, Wyndham Destination Inc., Club Wyndham, Wyndham Vacation Resorts Asia Pacific, Shell Vacations Club, and any and all sub-corporations and parent corporation related to Wyndham Destination Inc.; including Bank of America trust account number 14221 00489. Any and all compensation the court sees just and proper from any and all subsidiaries of Wyndham.

```
                                    Respectfully submitted,

Dated December 24, 2018             UCC 1-308 without prejudice
                                    Jasper Crook
                                    In Pro Per      UCC 1-308 without prejudice
                                                    /s/ Jasper Crook

                                    UCC 1-308 without prejudice
                                    Rachel Crook    UCC 1-308 W.O.P.
                                    In Pro Per      /s/ Rachel Crook
```

8